IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TYLER B. KASPERS, ESQ., individually and on behalf of all others similarly situated, | ) ) ) |
| *Pro Se* Plaintiff, | ) ) ) CIVIL ACTION NO.:1:12-cv-1397-SCJ |
| v. | ) ) |
| COMCAST CORPORATION, COMCAST OF GEORGIA/VIRGINIA, INC., | ) ) ) |
| Defendant. | ) **JURY TRIAL DEMANDED** ) ) |

### PLAINTIFF'S MOTION FOR AN AWARD OF RULE 11 SANCTIONS AND INCORPORATED MEMORANDUM IN SUPPORT

COMES NOW Plaintiff, Tyler B. Kaspers, Esq., and hereby requests an award of sanctions pursuant to Fed.R.Civ.P. 11 as follows:

The facts and law upon which Plaintiff bases the instant motion are set forth by the Defendant in the Notice of Removal filed by the Defendant with this Court on April 23, 2012 (as doc. 793), and again in Plaintiff's May 16, 2012, Motion to Remand, filed concurrently with the instant Rule 11 motion. In its Notice of Removal, the Defendant states:

1. "[S]ervice [of Plaintiff's state court Complaint" was attempted on March 23, 2012." Doc. 793 [sic] at 4, para. 13.

2. However, "CT Corp. was not authorized to accept service of process on behalf of Defendant Comcast Corporation. CT Corp rejected the service of process on March 28, 2012. **To date, the Named Plaintiff has not served Defendant Comcast Corporation** in this action. *Id.* at 2, para. 2 [emphasis added].

3. "Pursuant to 28 U.S.C. section 1446(B)(1), "[t]he notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt** by the defendant,

**through service** or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* at 4-5, para. 14 [emphasis added].

4. "In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), the Supreme Court held that **a defendant must be properly served for the removal period to commence.** Specifically, the Court held that 'a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, **but not by mere receipt of the complaint unattended by any formal service.** *Id.* at 347-48." [emphasis supplied].

The above statements of the Defendant, of and by themselves, support an order of remand and an award of Rule 11 Sanctions to Plaintiff. For, the Defendant admits that Plaintiff's state court Complaint was never served. And, unless and until such service was/is effected, there is no procedure or basis for removing Plaintiff's state court Complaint to this Court.

In addition to the above facts and law stated and thus admitted to by the Defendant, Plaintiff shows this Court the following:

5. On March 28, 2012, Comcast Corporation's registered agent, Corporation Process Company (a/k/a CT Corporation) informed Plaintiff that "Comcast withdrew [sic] to do business in the State of GA on 01/01/0001[sic]... Service can no longer be taken on behalf of this entity." A copy of this March 28, 2012 Notice is attached hereto as "Attachment A."

6. On March 29, 2012, Plaintiff was informed by Comcast's Miami counsel, Jaime Bianchi, of White and Case, that service of Plaintiff's Complaint was not perfected

because Comcast Corporation was no longer authorized to conduct business in the state of Georgia. Comcast's Miami counsel then directed Plaintiff to contact the Fulton County Office of Broadcast and Cable to determine the proper party to be named and served as the defendant in Plaintiff's lawsuit. The Fulton County Office of Broadcast and Cable was unable to provide Plaintiff with this information.

7. On April 17, 2012, Plaintiff filed an Amended Complaint with the Superior Court of Fulton County naming Comcast of Georgia/Virginia, Inc. (one of the 20-plus Comcast entities authorized by Georgia's Secretary of State's Corporation Division to conduct business in Georgia) as the named party defendant to Plaintiff's lawsuit. On April 27, 2012, Defendant's registered agent, CT Corporation, d/b/a Corporation Process Corporation, sent Plaintiff a letter stating that CT Corporation, b/d/a/ Corporation Process Corporation, refuses to accept service on behalf of Comcast of Georgia/Virginia, Inc.

8. To date, no party has been served or filed an Answer or other substantive response to Plaintiff's Complaint or Plaintiff's Amended Complaint.

9. On April 24, 2012, pursuant to the 21-day safe harbor provision in Rule 11(c)(1)(A), Plaintiff sent Defendant's counsel an electronic mail requesting that Defendant withdraw its Notice of Removal for the reasons set forth in the motion attached thereto. A copy of Plaintiff's letter, with the attached motion, is attached hereto as "Attachment A."

10. Pursuant to Rule 11, copies of all documents filed in this case are attached hereto as composite "Attachment B."

LEGAL STANDARD

Rule 11 requires that allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. 11(b)(3). Rule 11 similarly request that "the claims, defenses, and other legal contentions therein are warranted by existing law of by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b)(2). Finally, Rule 11 requires that a paper "not [be presented] for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 11(b)(1)

Rule 11 makes every signature on a pleading, motion or other paper a certification of merits of the documents signed and authorizes sanctioins for violation of the certification. Any signing party has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551(1991). Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *See, e.g. Gutierrez v. Fox*, 141 F.3d 425, 427 (2nd Cir. 1998).

It is no longer proper to file documents with the court first and find out later whether or not such document had any legal of factual basis upon which to rely. *See Hale v. Harney*, 786 F.2d 688, 692 (5th Cir., 1986). Thus, Rule 11 authorizes the imposition of sanctions upon a finding that a factual allegation has no evidentiary support, unless there was a specific disclaimer that additional investigation was necessary. Rule 11 establishes an objective standard, and subjective good faith provides no safe harbor. *Doe v. Fulton-DeKalb Hosp. Authority*, 628 F.3d 1325, 1340 (11th DCA , 2010); *McDonald v. Emory Healthcare Eye Center*, 391 Fed.Appx. 851 (11th DCA, 2010)

ARGUMENT

Because Plaintiff's instant motion is based upon Defendant's improper removal from state to federal court, Plaintiff's argument in support of sanctions is similar to the argument contained in Plaintiff's Response to Notice of Removal filed concurrently herewith.

An action must be remanded from federal to state court when an action has been removed to federal court prior to service having been perfected upon the removing party. 28 U.S.C.A. § 1446 (b)(1); *See, e.g., Garrett v. Cook*, 652 F.3d 1249, 1256 (10th DCA, 2011)(noting that "28. U.S.C. § 1446 "requires a litigant to wait until after the filing of the pleading on which the removal is predicated," and citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689,687 in noting that "premature removal can lead to imposition of Rule 11 sanctions");

"Rule 11 requires that the party seeking sanctions serve the Rule 11 Motion on the opposing party at least twenty one days before filing it with the district court." *See, e.g. Burt v. Ozmint*, 2012 WL 1032483 (D.S.C, 2012). Plaintiff fulfilled this requirement.

By Defendant's own admission, its Notice to Removal is improvident and never should have been filed with this Court because the Defendant never accepted service, and instead expressly rejected service, of Plaintiff's state court Complaint upon the originally-named Defendant, Comcast Corporation. As a result, Plaintiff was required to amend his state court action to add an additional Comcast entity—one which is authorized to conduct business in this State. More importantly, for purposes of the instant Motion, the undisputed fact that Plaintiff's state court Complaint against Comcast Corporation has never been served deprives this Court of removal jurisdiction over Plaintiff's state court action, since the "30 day" time period for removing that action to this court **never commenced.** The 30-day removal time period only begins upon proper service upon the named Defendant or upon some other individual or entity

authorized to accept service on behalf of the named Defendant, and Defendant Comcast Corporation has never been served with Plaintiff's state court Complaint.

Plaintiff admits that, in certain situations, the 30-day period for removal pursuant to 28 U.S.C. section 1446(B)(1) can begin without legal service. *See, e.g., Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)(holding that "mere receipt of the complaint unattended by any formal service" did not qualify Defendant to remove the case to federal court); *Perimteter Lighting, Inc. v. Karlton*, 456 F.Supp. 355 (N.D.Ga. 1978)(holding that removal was properly filed due the court's granting of injunctive relief prior to formal service upon Defendant, which constituted "the intervention of a court that is required before a civil action may be removed); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811 (D.C. La. 1983)(interpreting *Perimeter Lighting, supra.*, to hold that a courtesy copy of the Complaint delivered via facsimile from Plaintiff to Defendant was not sufficient to begin the 30-day removal period under 1446(B)(1)). However, in the instant case, there is no evidence whatsoever of any type of service, formal or informal, of Plaintiff's Complaint upon Defendant. To the contrary, Defendant has explicitly denied having been served with Plaintiff's Complaint through a number of its agents and representatives. Having denied Plaintiff's repeated attempts at service, having refused to inform Plaintiff of a proper party in the State of Georgia upon whom service can be perfected, and having taken a number of steps to evade service by Plaintiff in this action, Defendant's removal was, at best, premature, Defendant had no right of removal, and jurisdiction before this court is currently improper.

As evidenced by the March 28 and April 27, 2012, letters sent to Plaintiff by Defendant's registered agent, CT Corporation ("Attachments A and B" to Plaintiff's May 16, 2012, Motion to Remand), as well as the statements made to Plaintiff by Defendant's counsel, there is no question

or dispute that Defendant had not, has not, and would not be served with Plaintiff's "Entry of Service, Summons, Form[sic], Complaint, Verification, [and] Attachment(s)." Accordingly, Defendant's Notice of Removal was improvidently filed with this Court, and this case must be remanded to the Superior Court of Fulton County, Georgia.

The fact that Defendant's Notice of Removal was filed on the same date that the Defendant's Answer to the Complaint would have been due to be filed and served in state court, had CT Corporation accepted Plaintiff's attempt to serve Defendant Comcast Corporation, through CT Corporation, with a copy of Plaintiff's state court Complaint and Summons suggests that the Defendant's Notice of Removal was simply filed to delay the prosecution and resolution of Plaintiff's claims. At the heart of this lawsuit are Defendant's attempts to manipulate the public trust and convince the public -- and, more specifically, Comcast's customers -- that they have viable legal avenues to address their complaints or concerns. As clearly evidenced by Plaintiff's Complaint and Amended Complaint, prior to and during the initial stages of this litigation, Comcast has done everything it can to evade service and to place additional and unnecessary roadblocks in the path to addressing and resolving Plaintiff's complaints concerning Comcast's business practices. Defendant's current dilatory and manipulative conduct, including its April 23, 2012 Notice of Removal, is nothing more than extension of the pre-suit misconduct which prompted Plaintiff to include a demand for fees under O.C.G.A. 13-6-11 in Plaintiff's state court filings.

As the Defendant continues its gamesmanship before this Court, Comcast continues to have its customers enter into contracts which include an arbitration clause which Comcast represents to its clients is binding and requires customers to file any claims they have against Comcast with the American Arbitration Association (*see* "Attachment C," to Plaintiff's May 15,

7

2012 Motion to Remand at p. 15, para. d), even after the American Arbitration Association informed Comcast, on March 22, 2011, "we must decline to administer any other consumer disputes involving this business. We request that the business[Comcast] remove the AAA name from its arbitration clause to that there is no confusion to the public regarding our decision." *See* "Attachment H" to Plaintiff's Complaint.

**RELIEF REQUESTED**

Because, by its own admission, the Defendant has never been served with the state court Complaint which the Defendant now attempts to remove to this Court, and because, by the Defendant's admission, service of Plaintiff's state court Complaint is a necessary precondition of removal of Plaintiff's state law claims to this Court, Plaintiff respectfully requests that the Defendant be sanctioned under Fed. R. Civ. P. 11 for filing a patently frivolous Notice of Removal with this Court.

Respectfully submitted this 16th day of May, 2012.

_____
Tyler B. Kaspers (Ga. Bar No. 445708)
KASPERS & ASSOCIATES LAW OFFICES, LLC
75 14TH Street, Suite 2130
Atlanta, Georgia 30309
(404) 888-3740 (tel.); (404) 888-3737 (fax)
tyler@kasperslaw.com

*Pro Se* Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| TYLER B. KASPERS, ESQ., individually and on behalf of all others similarly situated, | ) ) ) | |
| *Pro Se* Plaintiff, | ) ) ) | CIVIL ACTION NO.:1:12-cv-1397-SCJ |
| v. | ) ) | |
| COMCAST CORPORATION, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing PLAINTIFF'S MOTION FOR AN AWARD OF RULE 11 SANCTIONS AND INCORPORATED MEMORANDUM IN SUPPORT via electronic delivery through the Court's ECF system to the following counsel of record:

Samuel S. Woodhouse
260 Peachtree Street, N.W., Suite 1402
Atlanta, GA  30303
(404)214-7200
swoodhouse@woodhouselawfirm.com

This 16th day of May, 2012.

Tyler B. Kaspers
Georgia Bar No. 445708

KASPERS & ASSOCIATES
  LAW OFFICES, LLC
75  14th Street, Suite 2130
Atlanta, GA  30309
(404) 888-3740 Phone / (404) 888-3737 Fax
tyler@kasperslaw.com

9